701 P.2d 1

**Roger A. KARBER and Diane Fitzpatrick Karber, husband and wife, Plaintiffs/Appellees,**

v.

**David D. KARBER and Mary L. Karber, husband and wife, Defendants/Appellants.**

No. 2 CA–CIV 5087.

Court of Appeals of Arizona, Division 2.

Dec. 20, 1984.

Review Denied March 12, 1985.

Hecker, Phillips & Hooker, by Thomas M. Pace, Tucson, for plaintiffs/appellees.

Gabroy & Leather, by Leslee Leather, Tucson, for defendants/appellants.

## OPINION

HOWARD, Judge.

This is an appeal from a partnership dissolution and accounting. Appellant contends the trial court erred in granting summary judgment dissolving the partnership, accepting the accounting and improperly liquidating the assets.

Roger Karber is the son of David and Mary Karber. They had been involved in a partnership called Exothermic Enterprises. Its assets consist of real property and notes receivable. Roger and Diane Karber filed a complaint for dissolution of the partnership, an accounting, quiet title action and resulting trust. The complaint was later amended to allege that David and Mary Karber were guilty of conduct which made it impossible for Exothermic to operate and that two pieces of property in Mary's name were actually Exothermic's property.

David and Mary counterclaimed, alleging, inter alia, that Roger and Diane had wrongfully dissolved Exothermic prior to filing the action and that they were liable to them for damages.

That portion of the case regarding Mary's sole ownership of the two parcels of land was tried to an advisory jury which rendered its verdict for Roger and Diane, and the trial court adopted the verdict that the property was not Mary's sole and separate property. The court then ordered an accounting.

Subsequently, the court awarded Roger and Diane a partial summary judgment, finding Exothermic to be dissolved. The court did not proceed on any other issues until the accounting, which had previously been ordered, had been completed. The trial court later found again that Exothermic was dissolved and that the accounting filed by Roger was satisfactory.

The court made findings of fact and entered an order. In the findings of fact the court found that the assets of the partnership on hand were reflected in the attachment to the plaintiffs' motion to divide the partnership assets and wind up the partnership. The court further found that the interest of Roger and Diane Karber in the assets of the partnership was in the sum of $125,353. The court then ordered that the partnership assets be sold, that defendants' counterclaims be dismissed, and that Roger Karber list the partnership properties for sale and wind up the partnership assets according to the statutes.

■■■■ The partnership agreement between the parties contains the following provision:

" * * *

16. No partner shall, during his lifetime, assign, encumber, or otherwise dispose of his interest or any part thereof in the partnership except as provided below.

A. If a partner should desire to dispose voluntarily of his interest during his lifetime, then he shall first offer, in writing, to sell his interest to the partnership at the price determined in accordance with the provisions of paragraph 17 below; provided, however, that such price shall be paid in cash, fully on the date of sale, and that the selling partner shall not participate in future profits of the partnership. If the interest is not purchased by the partnership within ninety (90) days of the receipt of the offer to it, then the selling partner may sell it to any other person, but shall not sell it without first offering it to the partnership in accordance with the method established above at the price and on the terms offered to such other person if the price is less than the price established below.

1. In the event the remaining partners do not desire to have the purchaser participate in the partnership as a partner, the partnership shall be liquidated, all debts shall be paid as provided in the Arizona Revised Statutes on Partnerships, and the remaining partnership funds shall be distributed in accordance with the percentages provided in subparagraph 2 of this agreement. In the event that the purchaser is accepted as a partner, he shall signify his intent to participate by executing a copy of this agreement which shall, in effect, constitute a new partnership.

* * * "

The partnership agreement specifically states that the primary purpose of the foregoing article is to provide for the purchase by the remaining partners of the interest of a partner who wishes to sell. Since Roger and Diane did not offer to sell their shares to David and Mary prior to filing the suit for dissolution, David and Mary contend that the dissolution was wrongful and that they are entitled to damages. We do not agree. In *Young v. Cooper*, 30 Tenn.App. 55, 203 S.W.2d 376 (1947) the court was faced with a similar provision and a similar contention. The court held that such a provision applies when a partner wants to sell his interest to a third party but does not apply when a partner wants to dissolve the partnership. We agree with the Tennessee court. There is nothing in the partnership agreement which prevents either partner from proceeding to dissolve the partnership as was done here by applica-

tion to the court for a decree of dissolution pursuant to A.R.S. § 29–232. The trial court here dissolved the partnership under A.R.S. § 29–232(A)(4) and (6).

Subparagraph (A)(4) allows the court to decree dissolution whenever a partner willfully or persistently commits a breach of the partnership agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business and partnership with him. Subparagraph (A)(6) provides that the court shall decree a dissolution whenever "other circumstances render a dissolution equitable." Here the trial court first sat through the trial involving the assets that Mary claimed were her own separate property. In its minute entry granting the motion for summary judgment the court observed that it had sat through that previous trial and had an opportunity to observe the parties and had concluded that the parties could not get along since there was an air of suspicion, recrimination and a feeling of ill will among them and that under such circumstances it would be inequitable to require the parties to continue as partners.

■ Appellants next make several complaints about the accounting that was rendered in this case. The objections that are now being made were never raised in the trial court. In fact, the only objection made at the time of the hearing on the accounting was a very general objection on the part of appellants. David Karber simply stated that he objected to all of the accounting. He never went into specifics. Having failed to make specific objections below and having failed to make the objections now raised on appeal, consideration of this issue has been waived.

■ Appellants lastly contend that the mathematical procedure in arriving at the court's finding of fact, that the interest of Roger and Diane Karber in the assets of the partnership was $125,353, was incorrect; furthermore, they contend that the trial court violated the law as set forth in *Seguin v. Boyd*, 134 Ariz. 172, 654 P.2d 808 (App.1982) by making such a finding. We

do not agree. In *Seguin v. Boyd*, supra, we held that the trial court erred in failing to follow the rules of payment as set forth in A.R.S. § 29–240. That is not the case here. The trial court did not order any amounts be paid to Roger and Diane. Instead, it ordered that Roger and Diane were to wind up the partnership according to law. This means that first there will be the payment of creditors other than partners, then come the claims of the partners other than those for repayment of capital and profit, such as claims for advancement made by partners, then those owing the partners in respect to capital, and finally, any remaining balance of the partnership property is to be distributed as profits. *Seguin v. Boyd*, supra.

Affirmed.

HATHAWAY, J., and BIRDSALL, C.J., concur.